IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| GEORGE FIRMAN RICHARDS III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-54-MN |
| | ) | |
| PFC DANIEL BURGOS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

Plaintiff George Firman Richards III, a pretrial detainee being held at Sussex Correctional Institutional ("SCI"), filed this action on January 13, 2025, alleging violations of his civil rights under 42 U.S.C. § 1983 against non-SCI defendants. (D.I. 1) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7) On April 4, 2025, the matter was referred to the undersigned Magistrate Judge for screening purposes only. (D.I. 8) This court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, the court recommends the Complaint be **DISMISSED** with prejudice.

### I. BACKGROUND

Plaintiff alleges a conspiracy between his ex-girlfriend, Seaford Police Officer Daniel Burgos, who was allegedly in a relationship with his ex-girlfriend, his public defender, and a judge of the Superior Court of Delaware. (*Id.*) Plaintiff filed a nearly identical complaint in this court on August 18, 2023. Complaint, at D.I. 1, *Richards III v. Burgos*, 23-CV-911-MN (2023). As in his previous Complaint, Plaintiff claims he went to the Seaford police to file a complaint against his ex-girlfriend, for phone harassment and hacking his phone and computer. Plaintiff alleges the officer he spoke to arrested him and Plaintiff believes the officer was involved in a

relationship with Plaintiff's ex-girlfriend. Plaintiff further alleges a broad conspiracy among the Defendants, alleging that both his public defender and the Delaware Superior Court Judge were complicit in not allowing him to participate in his own defense at trial and in declaring him incompetent. (D.I. 1)

On June 13, 2024, his prior civil rights case was dismissed with prejudice under a *pro se* screening order on the basis that it failed to state a meritorious claim for relief. Memorandum Opinion, at D.I. 9, *Richards III*, 23-CV-911-MN (2023). On January 7, 2025, Plaintiff filed a motion to reopen that case. Motion to Reopen at D.I. 11, *Richards III*, 23-CV-911-MN (2023). On February 27, 2025, Plaintiff's motion to reopen was denied. Order at D.I. 15, *Richards III*, 23-CV-911-MN (2023). Plaintiff filed the instant suit attempting to revive the same frivolous claims which fare no better in this action. (*See* D.I. 1)

Plaintiff seeks compensatory and punitive damages. (*Id.* at 11)

## II.     LEGAL STANDARD

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.' " *Dooley v. Wetzel*, 957 F.3d. at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003)).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the court must grant a plaintiff leave to amend his Complaint unless amendment would be inequitable or futile. *See Grayson*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556

3

U.S. 662, 678 (2009)). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

Plaintiff's new Complaint does no more than repeat the claims from his previous suit which the court found frivolous, dismissing them without leave to amend on the basis of futility. Memorandum Opinion, at D.I. 9, *Richards III*, 23-CV-911-MN (2023); Order at D.I. 15, *Richards III*, 23-CV-911-MN (2023). Consequently, Plaintiff's attempt to revive the same non-meritorious claims is barred by *res judicata*. The legal doctrine of *res judicata* bars a second suit where there has already been "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Porter v. Cancelmi*, 318 F. App'x 48, 49 (3d Cir. 2008) (quoting *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991)).

4

With respect to the first factor, a prior dismissal of a *pro se* complaint for failure to state claim constitutes a final judgment on the merits for purposes of a *res judicata* analysis in connection with a subsequent suit brought by the same plaintiff. *Porter*, 318 F. App'x at 50 n.2. Here, the first factor is satisfied.

The second factor is satisfied because Plaintiff asserts the same claims against the same Defendants as in the prior case. *Churchill v. Star Enters.*, 183 F.3d 184, 194 (3d Cir. 1999) (noting that the doctrine prohibits successive suits against the same defendants and those in privity with them based on the same underlying events). Here, Plaintiff omits a few parties, such as his ex-girlfriend, Jacklyn Reaviles, the Seaford Police Department, and Cherith Snyder but adds the Delaware Department of Justice.[1] *Compare* D.I. 1; *with* Complaint at D.I. 1, *Richards III v. Burgos*, 23-CV-911-MN (2023).

In determining whether the third factor is met, courts consider the following: "(1) whether the acts complained of and the demand for relief are the same ...; (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same ...; and (4) whether the material facts alleged are the same." *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984) (internal citations omitted). Here, a comparison of the pleadings in both suits is nearly identical. The same claims are reasserted here against the same Defendants allegedly involved in a conspiracy to falsely charge Plaintiff with criminal conduct and have him declared incompetent. Therefore, the third factor is satisfied.

Accordingly, I recommend that the complaint be dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii) and § 1915A(b)(1).

---

[1] In his prior Complaint, the Plaintiff named the Assistant State Prosecutor employed by the Delaware Department of Justice, as a Defendant. Complaint, D.I. 1 at 11, *Richards III v. Burgos*, 23-CV-911-MN (2023).

5

## IV. CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order in the form set forth below:

### ORDER

At Wilmington this __th day of _____, 2025, IT IS ORDERED that:

1. The Report and Recommendation issued on May 2, 2025, is **ADOPTED**.

2. Plaintiff's Complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii) and § 1915A(b)(1). Amendment is futile.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d). The failure of Plaintiff to object to legal conclusions may result in the loss of the right to *de novo* review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The Plaintiff is directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: May 2, 2025

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE